UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tyrone Maurice McBride, | ) | C/A No. 6:25-cv-13920-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Deputy Paul Ward, Felix Marguira-Sotelo, | ) | |
| Deputy Delgato, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee incarcerated at the Grenville County Detention Center. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

Plaintiff commenced this action by filing a civil rights Complaint on the standard form seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff purports to bring claims for violations of his Fourth and Fourteenth Amendment rights to the United States Constitution. ECF No. 1 at 4. Plaintiff contends Officer Felix seized him illegally by stopping him and the other officers ordered him to put his hands behind his back. *Id.* Plaintiff contends he was tased "using excessive force," and officers lied on affidavits, thus fabricating evidence. *Id.* According to Plaintiff, he was walking down the road when officers "profiled, harassed, tased, then arrested" Plaintiff for resisting arrest, then charged Plaintiff hours later "showing they lacked probable cause in the first

1

place." *Id.* at 5.  Plaintiff asserts that the force used was "objectively unreasonable," the officers lied on affidavits, they have been harassing Plaintiff for months, their reports do not match the warrants, Officer Delgado's name is in the report but not on paperwork, officers "snatched taser prongs out in anger" and did not provide medical treatment.  *Id.* at 6.  For his injuries, Plaintiff alleges he suffered "burns from tasing, irreparable loss of time, revenue, looming threat of prosecution, mental anguish from repeated harassment, [and] 31 months being held illegally.  *Id.* For his relief, Plaintiff requests money damages in the amount of $250,000 from each officer "for irreparable loss of time," punitive damages, and a "preliminary injunction hearing to be had or bond set or charges dismissed." *Id.*

In an attachment to the Complaint, Plaintiff makes the following additional allegations. ECF No. 1-1.  The incident leading to Plaintiff's arrest occurred on May 12, 2023.  *Id.* at 1. Plaintiff was attempting to "vacate the area due to an overbearing amount of police harassment from Officer Ward." *Id.*  Plaintiff left a motel and had his belongings in a shopping care and was going to stop at Walmart before taking a bus to another area of town.  *Id.*  After crossing the road and entering a parking lot, Officer Felix pulled up in an aggressive manner "pertaining to a car that switched lanes to accommodate my crossing the road." *Id.*  Officer Felix turned on his blue lights and seized Plaintiff "for no other reason than crossing road." *Id.*  Officer Ward and Delgado also pulled up aggressively" at which point Ward instructed Plaintiff to put his hands behind his back. *Id.*  Plaintiff asserts he "had done nothing wrong and was tased for trying to avoid an unlawful arrest." *Id.*  Plaintiff contends he was not running away when he was tased and that the use of a taser was "excessive." *Id.*  Plaintiff alleges that the taser prongs were removed "in an unprofessional manner" and he was not cleared by EMS, and instead was taken straight to jail. *Id.* Plaintiff contends he has been confined for two years without effective assistance of counsel, that

there are "conflicts on affidavit and summary report and an apparent fabrication of evidence in this case." *Id.*

The Court takes judicial notice that Plaintiff has been charged in the Greenville County Court of General Sessions with approximately fourteen crimes that remain pending against him at case numbers 2022A2330208893, 2022A2330208894, 2022A2330208895, 2023A2320600130, 2023A2320600848, 2023A2320600849, 2023A2330202598, 2023A2330202599, 2023A2330204138, 2023A2330204140, 2023A2330204142, 2023A2330204143, 2025GS2300315A, and 2025GS2300316A. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/ PISearch.aspx (search by case numbers listed above) (last visited Nov. 5, 2025).[1]  With regard to the specific date referenced in the Complaint—May 12, 2023—the Public Index shows Plaintiff was charged with the following crimes after being arrested on May 12, 2023: (1) resisting arrest at case number 2023A2330204138 (indictment number 2025GS2300355); (2) distribution of methamphetamine at case number 2023A2330204140; (3) first degree burglary at case number 2023A2330204142 (indictment number 2025GS2300354); and (4) possession of a stolen vehicle at case number 2023A2330204142 (indictment number 2025GS23300357). *Id.*

---

[1] The Court takes judicial notice of the records in Plaintiff's pending criminal cases in the state court as well has his other actions filed in this Court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim

4

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to

5

plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

This action is subject to dismissal because the allegations in the Complaint fail to state a claim for relief that is plausible. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the Complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations in the Complaint fail to satisfy this standard for the following reasons.

**Fourth Amendment Claims**

The Complaint asserts that Plaintiff was subjected to an unlawful seizure and/or arrest and unlawful incarceration. ECF No. 1 at 4–6. "When an unreasonable seizure, arrest or prosecution

is alleged, such a claim is governed by the Fourth Amendment."  *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024).  The Fourth Amendment protects "against unreasonable searches and seizures."  U.S. Const. amend. IV.  To establish a § 1983 claim based on a Fourth Amendment violation for unlawful arrest or imprisonment, a plaintiff must show that a seizure was effected without probable cause.  *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996).  Thus, there is no § 1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause.[2]  *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

"The Fourth Amendment is not violated by an arrest based on probable cause."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  It is well settled that "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause."  *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also Provet v. South Carolina*, C/A No. 6:07-cv-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C.

---

[2] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment.  To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause."  *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023).  "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim."  *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

June 25, 2007) (concluding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). Plaintiff has been indicted on charges of resisting arrest, first-degree burglary, and possession of a stolen vehicle, and those indictments conclusively determines the existence of probable cause as to those indicted charges. *See, e.g.*, *Kaley v. United States*, 571 U.S. 320, 328 (2014) ("[A]n indictment 'fair upon its face,' and returned by a 'properly constituted grand jury,' we have explained, 'conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." (citations omitted)); *Smith v. Munday*, 848 F.3d 248, 255 (4th Cir. 2017) ("By law, 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'" (citations omitted)); *Norton v. Tabron*, 727 F. App'x 762, 765 (4th Cir. 2018) (affirming dismissal of the plaintiff's Fourth Amendment claims because the grand jury indictments against him "conclusively determine[d] the existence of probable cause" to support his arrest and prosecution). To the extent that Plaintiff claims he was subjected to an unlawful arrest or detention absent probable cause is without merit because the indictments establish probable cause. Plaintiff has also attached to his Complaint a copy of the arrest warrant for the charge of resisting arrest. ECF No. 1-1 at 5. That warrant, issued by a magistrate judge, also establishes probable cause for Plaintiff's arrest. *Decina v. Horry Cnty. Police Dep't*, 557 F. Supp. 3d 716, 729 (D.S.C. 2021) ("A facially valid arrest warrant provides the arresting officer with sufficient probable cause to arrest the individual identified in the warrant."), *aff'd*, No. 21-2171, 2023 WL 2136376 (4th Cir. Feb. 21, 2023).

If Plaintiff's allegations are construed as asserting a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process

8

unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

### *Younger* Abstention

Plaintiff's allegations, liberally construed, are a challenge to the charges pending against Plaintiff and his present incarceration at the Greenville County Detention Center. However, such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require this Court to interfere with or enjoin the pending state court criminal proceedings against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable

9

relief.  *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73

(2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit

has culled the following test to determine when abstention is appropriate: "[1] there are ongoing

state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is

an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp.*

*v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted).

Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case,

and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first

element is satisfied.  The second element is satisfied because the Supreme Court has explained

"the States' interest in administering their criminal justice systems free from federal interference

is one of the most powerful of the considerations that should influence a court considering

equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The third element is also

satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the

accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*,

75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state

court criminal proceedings against him and would significantly interfere with those ongoing state

proceedings.  *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887

F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional

challenges to state action, however meritorious the complaint may be, 'whenever [the] federal

claims have been or could be presented in ongoing state judicial proceedings that concern

important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-

10

RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010). Plaintiff is able to address the claims asserted in this action related to his constitutional rights as to his criminal proceedings in the state court.

**Excessive Force**

Plaintiff also asserts a claim for excessive force, alleging that officers tased him during the course of his arrest. ECF No. 1 at 4. "[A]ll claims that law enforcement officials have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor,* 490 U.S. 386, 395 (1989). *See also Riley v. Dorton,* 115 F.3d 1159, 1161 (4th Cir. 1997) (the Fourth Amendment "governs claims of excessive force during the course of an arrest, investigatory stop, or other 'seizure' of a person."). The Fourth Amendment test is "an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 490 U.S. at 397. The test of reasonableness is "not capable of precise definition or mechanical application." *Id.* at 396. In determining the reasonableness of the use of force, the court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the importance of the governmental interest alleged to justify the intrusion. *Id.* (citations omitted). Courts have "long recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* (citations omitted). "This right is obviously greater when the suspect is resisting arrest and refusing to comply with the officer's orders." *Yarborough v. Montgomery*, 554 F. Supp. 2d 611, 617 (D.S.C. 2008).

The reasonableness inquiry is fact specific and courts consider several factors, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citations omitted). The Supreme Court explained in *Graham* this reasonableness inquiry by noting that there must be an "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* 396–97.

In applying the factors and standard set forth above, Plaintiff's allegations fail to establish that the officers used excessive force in subduing and arresting Plaintiff when they used a taser. The first element of the *Graham* test requires the Court to consider the severity of the crimes at issue. Plaintiff was arrested and charged with numerous crimes including resisting arrest, possessing a stolen vehicle, and first-degree burglary. Possessing a stolen vehicle and first-degree burglary are significant crimes. *See* S.C. Code § 16-21-80 (possessing a stolen vehicle valued greater than $2,000 is a felony); S.C. Code § 16-11-311(B) (2015) ("Burglary in the first degree is a felony punishable by life imprisonment. . . ."). This factor weighs against Plaintiff. *See Robinson v. Brown*, C/A No. 4:15-cv-00387-RBH, 2016 WL 4975021, at *4 (D.S.C. Sept. 19, 2016) (finding that because the plaintiff was charged with serious offenses including assault and battery first degree, possession of a stolen vehicle, possession of stolen goods, failure to stop for a blue light, possession of marijuana, and leaving the scene of an accident, "the first factor – the severity of the crime at issue – weighs against the Plaintiff"); *Moore v. DeRitis*, C/A No. 4:23-cv-6274-SAL, 2025 WL 1573519, at *5 (D.S.C. June 3, 2025) (finding a charge of possession of a stolen vehicle weighed against the plaintiff under the first *Graham* factor and noting "Defendants'

12

use of force in pushing Plaintiff to the ground as he fled was commensurate with the government's interest in apprehending a suspected car thief").

The second factor to be considered is whether Plaintiff posed an immediate threat to officers or others.  Plaintiff acknowledges that he was trying to resist the officers attempts to arrest him because he believed the arrest to be unlawful.  ECF No. 1-1 at 1.  Further, the arrest warrant that Plaintiff attached to his Complaint contains the following averment by Officer Sotelo:

> On May 12, 2023, [Plaintiff] did knowingly and willfully oppose and resist the lawful arrest by law enforcement deputies.  [Plaintiff] pulled away from deputies resisting arrest, causing a fight in attempts to apprehend [Plaintiff].  Affiant and other deputies gave loud verbal commands to [Plaintiff in] attempts to apprehend [Plaintiff].

*Id*. at 5.  In an incident report authored by Officer Sotelo, which Plaintiff has attached to his Complaint, Sotelo further explained that Plaintiff "was walking into on coming traffic."  *Id*. at 4.  Plaintiff acknowledges through his own allegations that "a car . . . switched lanes to accommodate my crossing the road."  *Id*. at 1.  Based on the allegations in the Complaint and the records Plaintiff has attached to his Complaint, this factor weighs against Plaintiff and in favor of the officers because Plaintiff was resisting, causing a fight with officers, and was walking into traffic causing cars to have to maneuver around him.  Thus, Plaintiff posed a threat of harm to officers and others.  *Moore*, 2025 WL 1573519, at *5 ("Defendants knew Plaintiff was wanted for automobile theft, had active outstanding warrants, was fleeing from police, and refused to obey commands.  In that context, Defendants used a reasonable amount of force to gain control over the situation to ensure order and safety.").

The third factor—whether Plaintiff actively resisted—weighs most heavily against Plaintiff.  Plaintiff acknowledges in his Complaint that he was resisting arrest because he believed

his arrest was unlawful.  ECF No. 1-1 at 1.  Given Plaintiff's own allegations that he was resisting, and the fact that he was indeed charged with resisting arrest (which remains pending), the officers were entitled to use some degree of force to subdue Plaintiff.  "[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  *Graham*, 490 U.S. at 396.  "This right is obviously greater when the suspect is resisting arrest and refusing to comply with the officer's orders."  *Yarborough*, 554 F. Supp. 2d at 617 (holding officer did not use excessive force in using single blast from taser to subdue citizen).

Under the objective reasonable test, and in light of all the allegations made by Plaintiff and a review of the documents he has attached to the Complaint, "[t]he officer's use of a single taser in this situation was reasonable."  *Brooks v. Head*, C/A No. 4:14-cv-03629-RBH-KDW, 2016 WL 8677173, at *5 (D.S.C. Feb. 19, 2016, *R&R adopted by* 2016 WL 3536693 (D.S.C. June 29, 2016); *see Russell v. Wright*, 916 F. Supp. 2d 629, 643 (W.D. Va. 2013) ("[T]he court simply cannot say that Wright's use of his taser under these circumstances violated clearly established law."); *Fordham v. Doe*, C/A No. 4:11-cv-32-D, 2011 WL 5024352, at *8 (E.D.N.C. Oct. 20, 2011) (finding officer's one-time use of taser reasonable under the totality of the circumstances).  Taking Plaintiff's allegations as true and liberally construing them, the Court finds that Plaintiff simply cannot establish a claim for excessive use of force given the facts alleged.

**Habeas Relief**

Plaintiff alleges, among other things, that he is being unlawfully held in jail, and he seeks release from incarceration and for his charges to be dismissed.  ECF No. 1 at 6.  To the extent Plaintiff is seeking release from custody, he must do so through habeas corpus proceedings rather than seeking relief under § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Even if the Court were to construe this action as one seeking habeas relief under 28 U.S.C. §§ 2254 or 2241,

14

Plaintiff's claims are not properly before this Court because he has failed to exhaust his state court remedies.

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction under 28 U.S.C. § 2254. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, an "'attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus relief, *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)), and a federal writ of habeas corpus under § 2241 can only be sought *after* the petitioner has exhausted his state remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (explaining exhaustion is required under 28 U.S.C. § 2241). Thus, "[p]retrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review." *Allen v. Robinson*, No. 92-6703, 1993 WL 46883, at *1 (4th Cir. 1993).

While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist that would protect a detainee's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778 (4th Cir. Apr. 5, 1993). Where a threat to a detainee's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Moore*, 515 F.2d at 449; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional

15

right claimed . . . would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449 (explaining the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal).

In this case, Plaintiff has failed to show that he has exhausted his state court remedies or that "special circumstances" justify review by this Court. Plaintiff asserts that his rights under the United States Constitution have been violated because he did not commit the crimes he is charged with, he was illegally stopped and seized, the evidence against him was fabricated, and he has been denied access to counsel. ECF No. 1 at 4–6. However, because Plaintiff may raise these claims in the state courts during trial and post-trial proceedings, pretrial intervention by this Court is inappropriate. *See Wirtz v. Dir. of Oconee Cnty. Det. Ctr.*, C/A No. 4:13-cv-387-RMG, 2013 WL 1901148, at *2 (D.S.C. May 7, 2013). Plaintiff has not exhausted his state remedies and does not allege any special circumstances to show that pretrial intervention would be appropriate in this case. Plaintiff is, therefore, precluded from federal habeas relief at this time, to the extent he is seeking such relief, and the Complaint should be dismissed if it is premised on such claims.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action for failure to state a claim, without leave to amend, and without issuance and service of process.[3]

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

December 23, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] Leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021).

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).